[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR LEAVE TO AMENDANSWER AND SPECIAL DEFENSE OF DEFENDANTS
This is a negligence action for personal injuries brought by the plaintiff John C. Dubicki against the defendants Peter J. Auster (Auster) and Lisa C. Wahle (Wahle). CT Page 2499
The complaint makes the following allegations. The plaintiff was operating a bicycle on Water Street in Groton, Connecticut. Auster was operating a motor vehicle, owned by Wahle, when he struck Dubicki causing Dubicki to suffer personal injuries.
By way of an answer and special defense, the defendants alleged contributory negligence on the part of Dubicki for his failure to keep a proper lookout, failure to keep his bicycle under proper control and failure to take appropriate evasive action. Pursuant to Practice Book § 176(c), the defendants filed a request for leave to amend their answer and special defense. The defendants sought the court's permission to add a second special defense, which alleges that the plaintiff's injuries in part were caused by his failure to wear a helmet. The plaintiff objected to the defendants' request to amend and the court (Hendel, J.) sustained the objection. Thereafter, the defendants filed a motion for reconsideration, which was granted, and the court heard oral arguments on the motion.
The sole issue before the court is whether an adult bicycle rider can be considered contributorily negligent for his or her failure to wear a bicycle helmet while riding his or her bicycle. The issue is one of first impression in this state.
The plaintiff asserts that the special defense is invalid because adults have no legal obligation to wear protective head gear under Connecticut law. In opposition, the defendants assert that there is such a duty. In the alternative, the defendants claim that whether a duty exists should be decided by the jury.
General Statutes § 14-286d(b) states in part:
 No child under twelve years of age shall operate a bicycle on the traveled portion of any highway unless such child is wearing protective headgear . . . Failure to wear protective headgear as required by this subsection shall not be considered to be contributory negligence on the part of the parent or child nor shall such failure be admissible in any civil action. CT Page 2500
Pursuant to Section 14-286d(b), it is clear that a child under twelve must wear a helmet, but a child's failure to do so can not be considered contributory negligence. The statute, as well as a review of the legislative history attached to the defendants' brief (Exhibit A), reveals that the statute was primarily designed to encourage the use of headgear by children. There is no similar statute for adults.
Under General Statutes § 14-100a(c)(1), the operator of, and any front seat passenger in, a private passenger motor vehicle is required to wear a seat belt. However, "(f)ailure to wear a seat belt shall not be considered contributory negligence nor shall such failure be admissible evidence in any civil action." General Statutes § 14-100a(4). Thus, when the legislature wanted to impose a duty upon individuals, adults or otherwise, to use safety devices, it specifically imposed such a duty, but further provided that failure to do so would not constitute contributory negligence.
In the case of bicycle helmets for adults, however, the legislature was silent. Courts in other jurisdictions, when faced with the same issue, have noted that if the law does not require "bicyclists to wear helmets; thus the failure to wear a helmet does not constitute negligence" Walden v. State,818 P.2d 1190, 1196 (Mont. 1991).
In our state, an analogous issue relates to whether a motorcyclist can be considered contributorily negligent for failing to wear a helmet. In Ruth v. Poggie, judicial district of Tolland at Rockville, Docket No 9352750 (November 22, 1993, Klaczk, J.), the court, in striking a special defense of contributory negligence, noted:
 In Connecticut, the so-called `Helmet Law' . . . which required motorcycle operators and passengers to wear a helmet, was repealed effective June 1, 1976. Since that time, there is no duty, statutory or otherwise, for motorcycle operators in Connecticut to take the safety precaution to wear a protective helmet. Thus, since there is not even a duty to wear a motorcycle helmet, as there is to wearing a safety belt, it cannot be said that the failure to wear a motorcycle helmet amounts to negligence on the part of the rider.
CT Page 2501
The same rationale applies to bicycle helmets. There being no statutory duty imposed on an adult rider to wear such protection, there can be no contributory negligence for an adult rider's failure to do so.
For the reasons stated above, the defendants' request to amend their answer and special defense is denied.
Hendel, J.